1  JOSEPH S. LEVENTHAL (221043)
2  joseph.leventhal@dinsmore.com
   ERIC K. COMBS (admitted *pro hac vice*)
3  eric.combs@dinsmore.com
4  KELLY K. MCLAUGHLIN (306520)
   kelly.mclaughlin@dinsmore.com
5  DINSMORE & SHOHL LLP
6  655 West Broadway, Suite 840
   San Diego, CA 92101
7  Ph:  (619) 356-3518 / Fx:  (619) 615-2082

8
   Attorneys for Plaintiff Dolce & Gabbana
9  Trademarks S.R.L.

10
   PAUL CHENG (239566)
11 ppc@paulchenglaw.com
12 MICHAEL Y. YADEGARAN (309669)
   myadegaran@paulchenglaw.com
13 GREGG SIRMABEKHIAN (309276)
14 gsermabelchian@paulchenglaw.com
   LAW OFFICES OF PAUL P. CHENG
15 790 E. Colorado Blvd. Suite 260
16 Pasadena, CA 91101

17 Attorneys for Defendant TXT ENTERPRISES, INC.

18              **UNITED STATES DISTRICT COURT**

19              **CENTRAL DISTRICT OF CALIFORNIA**

20

21 DOLCE & GABBANA                    Case No. 2:16-CV-01637-FMO(SSX)
   TRADEMARKS S.R.L.,
22
                       Plaintiff,      **STIPULATED PROTECTIVE**
23 v.                                   **ORDER**

24 TXT ENTERPRISES, INC.,             [Discovery Document: Referred to
25                     Defendant.      Magistrate Judge Suzanne H. Segal]

26

27

28

A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Dolce & Gabbana Trademarks S.r.l. ("D&G") and TXT Enterprises, Inc. ("TXT") (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, proprietary designs, proprietary market research, confidential business information, including but not limited to pricing and customer lists, and other confidential and valuable which warrant protection from public disclosure and from use for any purpose other than those confined to this action.  Such confidential and proprietary information includes, but is not limited to, proprietary designs (such as designs for sunglasses), customer lists, pricing lists, market research, retail and distribution plans, confidential business proceedings, internal company financial information, internal communications, and other types of confidential business information.  This action will also involve testimony, declarations, depositions, briefs, and other litigation

documents that will contain the above-referenced confidential business information.  The public disclosure or use of this information would cause the Parties irreparable harm in the competitive market, and would provide the Parties' competitors with an unfair commercial advantage due to access to this confidential business information.  As such, good cause exists for the Court to issue a protective order protecting information designated as CONFIDENTIAL pursuant to Sections 2.3 of this Protective Order.  In addition, a small subset of this information, namely the Parties' highly sensitive financial information, would create a substantial risk of serious financial injury if disclosed to the opposing Party, such that disclosure to that Party's Outside Counsel, only, is appropriate. As such, good exists for the Court to issue a protective order protecting information designated as ATTORNEYS EYES ONLY pursuant to Sections 2.4 of this Protective Order.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.    DEFINITIONS

2.1    Action: *Dolce and Gabbana Trademarks S.R.L. v. TXT Enterprises, Inc.*, No. 2:16-CV-01637 FMO(SSX), Central District of California.

2.2    Challenging Party: a Party or Non-Party that challenges the

1  designation of information or items under this Order.

2      2.3    "CONFIDENTIAL" Information or Items: information (regardless of

3  how it is generated, stored or maintained) or tangible things that qualify for

4  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

5  the Good Cause Statement.

6      2.4    "ATTORNEYS EYES ONLY" Information or Items: information

7  (regardless of  how it is generated, stored or maintained) or tangible things that

8  qualify for protection under Federal Rule of Civil Procedure 26(c) and that the

9  Designating Party believes in good faith that the Disclosure of that information to

10 another Party or non-Party would create a substantial risk of serious financial or

11 other injury that cannot be avoided by less restrictive means, and as specified

12 above in the Good Cause Statement.

13     2.5    Counsel: Outside Counsel of Record and House Counsel (as well as

14 their support staff).

15     2.6    Designating Party:  a Party or Non-Party that designates information

16 or items that it produces in disclosures or in responses to discovery as

17 "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

18     2.7    Disclosure or Discovery Material:   all items or information,

19 regardless of the medium or manner in which it is generated, stored, or maintained

20 (including, among other things, testimony, transcripts, and tangible things), that

21 are produced or generated in disclosures or responses to discovery in this matter.

22     2.8    Expert: a person with specialized knowledge or experience in a

23 matter pertinent to the litigation who has been retained by a Party or its counsel to

24 serve as an expert witness or as a consultant in this Action.

25     2.9    House Counsel: attorneys who are employees of a party to this

26 Action.  House Counsel does not include Outside Counsel of Record or any other

27 outside counsel.

28     2.10   Non-Party: any natural person, partnership, corporation, association,

1   or other legal entity not named as a Party to this action.

2       2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a

3   party to this Action but are retained to represent or advise a party to this Action

4   and have appeared in this Action on behalf of that party or are affiliated with a law

5   firm which has appeared on behalf of that party, and includes support staff.

6       2.12   <u>Party</u>: any party to this Action, including all of its officers, directors,

7   employees, exclusive trademark licensees, consultants, retained experts, and

8   Outside Counsel of Record (and their support staffs).

9       2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

10  Discovery Material in this Action.

11      2.14   <u>Professional Vendors</u>: persons or entities that provide litigation

12  support services (e.g., photocopying, videotaping, translating, preparing exhibits

13  or demonstrations, and organizing, storing, or retrieving data in any form or

14  medium) and their employees and subcontractors.

15      2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is

16  designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

17      2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

18  Material from a Producing Party.

19

20  3.    <u>SCOPE</u>

21      The protections conferred by this Stipulation and Order cover not only

22  Protected Material (as defined above), but also (1) any information copied or

23  extracted from Protected Material; (2) all copies, excerpts, summaries, or

24  compilations of Protected Material; and (3) any testimony, conversations, or

25  presentations by Parties or their Counsel that might reveal Protected Material.

26      The Parties shall meet and confer regarding the procedures for use of

27  Protected Material at trial and shall move the Court for entry of an appropriate

28  order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

/ / /

5.2    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" (hereinafter "CONFIDENTIAL or AEO legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL or AEO legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

1    (b) for testimony given in depositions, that the Designating Party

2    identify the Disclosure or Discovery Material on the record, before the close of the

3    deposition, for all protected testimony.

4    (c) for information produced in some form other than documentary and

5    for any other tangible items, that the Producing Party affix in a prominent place on

6    the exterior of the container or containers in which the information is stored the

7    "CONFIDENTIAL or AEO legend."  If only a portion or portions of the

8    information warrants protection, the Producing Party, to the extent practicable,

9    shall identify the protected portion(s).

10    5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

11    failure to designate qualified information or items does not, standing alone, waive

12    the Designating Party's right to secure protection under this Order for such

13    material.  Upon timely correction of a designation, the Receiving Party must make

14    reasonable efforts to assure that the material is treated in accordance with the

15    provisions of this Order.

16    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

17    6.1 Timing of Challenges.   Any Party or Non-Party may challenge a

18    designation of confidentiality at any time that is consistent with the Court's

19    Scheduling Order.

20    6.2 Meet and Confer.   The Challenging Party shall initiate the

21    dispute resolution process under Local rule 37.1 *et seq*.

22    6.3 Burden of Proof.   The burden of persuasion in any such challenge

23    proceeding shall be on the Designating Party.  Frivolous challenges, and those

24    made for an improper purpose (e.g., to harass or impose unnecessary expenses

25    and burdens on other parties) may expose the Challenging Party to sanctions.

26    Unless the Designating Party has waived or withdrawn the confidentiality

27    designation, all parties shall continue to afford the material in question the level

28    of protection to which it is entitled under the Producing Party's designation until

the Court rules on the challenge.  Any motion challenging a designation of confidentiality must comply with Local Rule 37-2, including the Joint Stipulation requirement.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   Professional Vendors to whom it is reasonably necessary to disclose the information for this Action;

(h)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)   during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any Protected Material unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3 Disclosure of "ATTORNEYS EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the Court and its personnel;

(d)  court reporters and their staff;

(e)  professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  Professional Vendors to whom it is reasonably necessary to disclose the information for this Action;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify the in writing Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served

1    with the subpoena or court order shall not produce any Protected Material before a
2    determination by the Court from which the subpoena or order issued, unless the
3    Party has obtained the Designating Party's permission.  The Designating Party
4    shall bear the burden and expense of seeking protection in that court of its
5    Protected Material and nothing in these provisions should be construed as
6    authorizing or encouraging a Receiving Party in this Action to disobey a lawful
7    directive from another court.

8

9    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
10   PRODUCED IN THIS LITIGATION

11        (a)  The terms of this Order are applicable to information produced by a
12   Non-Party in this Action and designated as "CONFIDENTIAL" or
13   "ATTORNEYS EYES ONLY."  Such information produced by Non-Parties in
14   connection with this litigation is protected by the remedies and relief provided by
15   this Order.  Nothing in these provisions should be construed as prohibiting a Non-
16   Party from seeking additional protections.

17        (b)  In the event that a Party is required, by a valid discovery request, to
18   produce a Non-Party's Protected Material in its possession, and the Party is
19   subject to an agreement with the Non-Party not to produce the Non-Party's
20   Protected Material, then the Party shall:

21        (1)  promptly notify in writing the Requesting Party and the Non-
22   Party that some or all of the information requested is subject to a confidentiality
23   agreement with a Non-Party;

24        (2)  promptly provide the Non-Party with a copy of the Stipulated
25   Protective Order in this Action, the relevant discovery request(s), and a reasonably
26   specific description of the information requested; and

27        (3)  make the information requested available for inspection by the
28   Non-Party, if requested.

1        (c) If the Non-Party fails to seek a protective order from this court

2    within 14 days of receiving the notice and accompanying information, the

3    Receiving Party may produce the Non-Party's Protected Material responsive to

4    the discovery request. If the Non-Party timely seeks a protective order, the

5    Receiving Party shall not produce any information in its possession or control that

6    is subject to the confidentiality agreement with the Non-Party before a

7    determination by the Court.  Absent a court order to the contrary, the Non-Party

8    shall bear the burden and expense of seeking protection in this court of its

9    Protected Material.

10

11   10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

12       If a Receiving Party learns that, by inadvertence or otherwise, it has

13   disclosed Protected Material to any person or in any circumstance not authorized

14   under this Stipulated Protective Order, the Receiving Party must immediately:

15       (a)   notify in writing the Designating Party of the unauthorized

16   disclosures,

17       (b)   use its best efforts to retrieve all unauthorized copies of the

18   Protected Material,

19       (c)   inform the person or persons to whom unauthorized disclosures

20   were made of all the terms of this Order, and

21       (d)   request such person or persons to execute the "Acknowledgment

22   and Agreement to Be Bound" that is attached hereto as Exhibit A.

23       Intentional or bad faith disclosure of Protected Material by a Receiving

24   Party, in a manner not authorized by this Order, shall expose the Receiving Party

25   to sanctions and to liability for the damages proximately caused to the Designating

26   Party by disclosure of the Protected Material.  In the event the Designating Party

27   initiates legal action against the Receiving Party for damages proximately caused

28   by disclosure of the Protected Material, the Parties agree that the prevailing party

1   therein shall recover its reasonable attorneys' fees and costs incurred therein.

2

3   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

4   PROTECTED MATERIAL

5         When a Producing Party gives notice to Receiving Parties that certain

6   inadvertently produced material is subject to a claim of privilege or other

7   protection, the obligations of the Receiving Parties are those set forth in Federal

8   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

9   whatever procedure may be established in an e-discovery order that provides for

10  production without prior privilege review.  Pursuant to Federal Rule of Evidence

11  502(d) and (e), insofar as the Parties reach an agreement on the effect of

12  disclosure of a communication or information covered by the attorney-client

13  privilege or work product protection, the Parties may incorporate their agreement

14  in the stipulated protective order submitted to the Court.

15

16  12.   MISCELLANEOUS

17        12.1 Right to Further Relief.  Nothing in this Order abridges the right of any

18  person to seek its modification by the Court in the future.

19        12.2 Right to Assert Other Objections.  By stipulating to the entry of this

20  Protective Order, no Party waives any right it otherwise would have to object to

21  disclosing or producing any information or item on any ground not addressed in

22  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

23  any ground to use in evidence of any of the material covered by this Protective

24  Order.

25        12.3 Filing Protected Material.  A Party that seeks to file under seal any

26  Protected Material must comply with Civil Local Rule 79-5. Protected Material

27  may only be filed under seal pursuant to a court order authorizing the sealing of

28  the specific Protected Material at issue.  If a Party's request to file Protected

Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

1   Dated:      December __, 2016           DINSMORE & SHOHL LLP

2

3                                            JOSEPH S. LEVENTHAL (221043)
                                             ERIC K. COMBS (pro hac vice)
4                                            KELLY K. MCLAUGHLIN (306520)

5
                                             *Attorney for Plaintiff Dolce & Gabbana*
6                                            *Trademarks S.R.L.*

7

8

9   Dated:      December __, 2016           LAW OFFICES OF PAUL P. CHENG &
                                             ASSOCIATES
10

11                                           _____
                                             PAUL CHENG (239566)
12                                           MICHAEL Y. YADEGARAN (309669)
13                                           GREGG SIRMABEKHIAN (309276)

14                                           *Attorney for TXT Enterprises, Inc.*

15

16

17  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

18

19  DATED: __12/28/16_____

20

21  __/S/ SUZANNE H. SEGAL_____
    HON. SUZANNE SEGAL
22  UNITED STATES MAGISTRATE JUDGE

23

24

25  _____

26

27

28

**EXHIBIT A**
**AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court

for the Central District of California on _____ [date] in the case of *Dolce*

*& Gabbana Trademarks, S.R.L. v. TXT Enterprises, Inc.*, Case No. 2:16-CV-

01637 FMO(SSX).  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order, and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address

and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____